JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

DAVID B. COUNTRYMAN (CSBN 226995)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, CA 94102
    Telephone: 415.436.7303
    Facsimile:  415.436.7234
    Email: david.countryman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>APPROXIMATELY $211,714 IN UNITED STATES CURRENCY AND ONE 2005 TOYOTA TUNDRA PICKUP TRUCK, VIN 5TBDT44145S400370<br><br>                Defendant. | No. 09-1139 EDL<br><br>SETTLEMENT AGREEMENT |

In this *in rem* forfeiture action, the United States alleges:

**JURISDICTION AND VENUE**

The parties stipulate and agree as follows:

1. Plaintiff is the United States of America ("United States"). Defendants are approximately $211,714 in United States Currency ("defendant $211,714"), and one 2005 Toyota Tundra Pickup Truck, VIN 5TBDT44145S499370 ("defendant truck," collectively "defendant property"). After proper notification and publication was given, no party filed a timely claim in this action, but Matthew Williams requested an extension of time for which to file a claim until May 8, 2009, and the United States agreed. The United States and claimant Williams are

1  hereafter referred to as the "parties" in this document which is hereinafter referred to as the
2  "Settlement Agreement" or "Agreement."
3      2.    The parties agree that the resolution of the lawsuit is based solely on the terms
4  stated in this Settlement Agreement. It is expressly understood that this Agreement has been
5  freely and voluntarily entered into by the parties. The parties further agree that there are no
6  express or implied terms or conditions of settlement, whether oral or written, other than those set
7  forth in this Agreement. This Agreement shall not be modified or supplemented except in
8  writing signed by the parties. The parties have entered into this Agreement in lieu of continued
9  protracted litigation and District Court adjudication.
10     3.    The parties further agree that this Settlement Agreement does not constitute
11 precedent on any legal issue for any purpose whatsoever, including all administrative
12 proceedings and any lawsuits.
13     4.    This settlement is a compromise over disputed issues and does not constitute any
14 admission of wrongdoing or liability by any party.
15     5.    The parties have agreed that the United States will return $17,000 (plus the
16 interest accrued thereon, as calculated by the U.S. Marshals Service) of the defendant currency to
17 Williams. The return of $17,000 shall be in full settlement and satisfaction of any and all claims
18 by Williams, his heirs, representatives and assignees to the defendant currency. Williams, his
19 heirs, representatives and assignees, shall hold harmless the United States, any and all agents,
20 officers, representatives and employees of same, including all federal, state and local
21 enforcement officers, for any and all acts directly or indirectly related to the seizure of defendant
22 currency and the facts alleged in the Complaint for Forfeiture filed on or about March 16, 2009.
23     6.    Williams agrees that sufficient evidence exists to establish forfeiture of the
24 remainder of the defendant currency ($194,714, plus all interest accrued thereon), pursuant to
25 Title 21, United States Code, Section 881(a)(6), and the defendant truck, pursuant to Title 21,
26 United States Code, Section 881(a)(4). Williams consents to the forfeiture of the remainder of
27 the defendant currency and the defendant truck, to the United States without further notice to
28 him. Williams further relinquishes all right, title and interest in the remainder of the defendant

Settlement Agreement
No. 09-1139 EDL     2

1  currency and the defendant truck, and agrees that said property shall be forfeited to the United
2  States and disposed of according to law by the United States.
3         7.      The United States and Williams agree that each party shall pay its own attorneys'
4  fees and costs.
5         8.      The Parties hereby consent to the jurisdiction of United States Magistrate Judge
6  Elizabeth D. Laporte.
7         9.      Based on the foregoing Settlement Agreement between the United States,
8  claimant Williams, the Parties agree that, subject to the Court's approval, this action be and
9  hereby is DISMISSED and that the proposed JUDGMENT OF FORFEITURE which is
10 submitted with this Settlement Agreement be entered.

IT IS SO STIPULATED:                    JOSEPH P. RUSSONIELLO
                                        United States Attorney

Dated: ~~May~~ June 19, 2009
                                        _____
                                        DAVID COUNTRYMAN
                                        Assistant United States Attorney


Dated: May 20, 2009
                                        _____
                                        WILLIAM G. PANZER, ESQ.
                                        Attorney for Matthew Williams


Dated: May 20, 2009
                                        _____
                                        Matthew Williams


BASED ON THE FOREGOING STIPULATION, IT IS SO ORDERED ON THIS 19th
DAY OF _____, 2009.

                                        _____
                                        HONORABLE ELIZABETH D. LAPORTE
                                        United States Magistrate Judge

*IT IS SO ORDERED* — Judge Elizabeth D. Laporte

Settlement Agreement
No. 09-1139 EDL                         3